IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| TERESSA MCINTOSH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No.: |
| v. | ) ) ) | Judge: |
| THE HANOVER INSURANCE COMPANY, MASSACHUSETTS BAY INSURANCE COMPANY, AND ALDER AND COX, INC. | ) ) ) ) | Magistrate Judge: |
| Defendants | | |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, The Hanover Insurance Company ("Hanover") and Massachusetts Bay Insurance Company ("Mass Bay"), which pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with a full reservation of all rights and defenses, hereby remove the action styled *Teressa McIntosh v. The Hanover Insurance Company, Massachusetts Bay Insurance Company, and Alder and Cox, Inc.*, No. 13C1419 from the Circuit Court of Hamilton County, State of Tennessee, to the United States District Court for the Eastern District of Tennessee. Hanover and Mass Bay respectfully represent that the grounds for its removal of the referenced action are as follows:

1.

Teressa McIntosh ("Plaintiff") commenced this action on November 1, 2013, by filing a Complaint in the Circuit Court for the County of Hamilton, State of Tennessee.

2.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Hanover and Mass Bay in the referenced state court action are attached hereto as Exhibit "A."

3.

Hanover and Mass Bay were served with the State Court Summons and Complaint on November 7, 2013. The only other defendant in this action is Alder and Cox, Inc. ("A&C"), who was served with the State Court Summons and Complaint on November 1, 2013. Accordingly, this Notice of Removal is being filed within thirty (30) days after defendants, Hanover, Mass Bay and A&C were served with Plaintiff's State Court Summons and Complaint and less than one (1) year after the commencement of the action; therefore, it is timely filed pursuant to 28 U.S.C. § 1446(b).

## VENUE

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides within the Eastern District of Tennessee, the alleged injury to Plaintiff occurred within the Eastern District of Tennessee, and all applicable facts that form the basis of this lawsuit occurred in the Eastern District of Tennessee.

## PARTIES

5.

Upon information and belief, Plaintiff is a resident of and/or domiciled in Hamilton County, Tennessee. Therefore, Plaintiff in the above-captioned matter is a citizen of the State of Tennessee for purposes of diversity of citizenship.

6.

Hanover is a New Hampshire corporation, duly authorized and existing under the laws of the State of New Hampshire, with its principal place of business in the Commonwealth of Massachusetts. Hanover is therefore a citizen of New Hampshire and Massachusetts for purposes of diversity of citizenship.

7.

Mass Bay is a New Hampshire corporation, duly authorized and existing under the laws of the State of New Hampshire, with its principal place of business in the Commonwealth of Massachusetts. Mass Bay is therefore a citizen of New Hampshire and Massachusetts for purposes of diversity of citizenship.

8.

Plaintiff additionally adds A&C as a defendant in this action. A&C is a Tennessee corporation formed in Tennessee. Therefore, A&C is a citizen of Tennessee for purposes of diversity of citizenship.

9.

A&C has been improperly joined to the above-captioned action, and thus, its citizenship should not be considered and does not preclude removal of the state court action. A defendant is improperly joined if there is "no reasonable basis for predicting that state law might impose liability on the facts involved. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) citing *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968); *see also Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904 (6th Cir. 1999) ("the test for fraudulent joinder is applicable in three situations: (1) where there is no colorable basis for a claim against the nondiverse defendant . . ..") . Plaintiff has improperly joined A&C, who was the insurance agent that sold the insurance policy at issue, because Tennessee law generally recognizes that an insurance agent's obligation to an insured ends when the policy is purchased. *Quintance v. Tennessee Farmers Mut. Ins.*, 774 S.W. 2d 630 (1989).

10.

As an agent, A&C's duties ended when the policy of insurance was obtained for Plaintiff. *Id.* The agent's duties do not extend beyond procuring the policy unless the agent has been

specifically contracted to do so. *Id.* Plaintiff's Complaint makes no allegation that she had such an agreement with A&C, and thus, A&C has not breached a duty to plaintiff. Therefore, Plaintiff has no state law claim against A&C. For these reasons, the citizenship of A&C should be disregarded.

11.

28 U.S.C § 1446(a) has been interpreted to require that all defendants consent to removal. However, where a defendant is improperly joined to defeat diversity jurisdiction, the removing party need not obtain the consent of the co-defendant that the removing party contends is improperly joined. *See* 28 U.S.C. 1446 (b)(2)(a) ("all defendants who have been ***properly*** joined and served must join in or consent to the removal of the action") (emphasis added"); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Steel Valley,* 809 F.2d at 1009, n. 2 (3rd Cir.1987); *Anderson v. Merck & Co.*, 417 F. Supp.2d 842, 845 n. 3 (E.D. Ky. 2006); *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007).

12.

In light of the improper joinder of A&C, complete diversity under 28 U.S.C. § 1332(a) exists.

**AMOUNT IN CONTROVERSY**

13.

The Plaintiff's Complaint states that she is seeking to recover from Hanover the estimated cost of repairs to her property valued at $37,519.93. Complaint ¶ 20 and prayer paragraph p. 4. Further, Plaintiff seeks damages for breach of contract, negligence and violation of the consumer protection act in an amount not to exceed $150,000.00. Complaint, prayer

paragraph p. 4. Thus, the amount in controversy exceeds the $75,000.00 threshold mandated under 28 U.S.C. § 1332(a).

14.

In light of the complete diversity existing between Plaintiff and Hanover and because the amount in controversy exceeds $75,000.00, this Honorable Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, removal is proper under 28 U.S.C. § 1441.

15.

Upon filing this Notice of Removal, written notice thereof will be given to Plaintiff's counsel and will be filed with the Clerk of Court for the Circuit Court for Hamilton County for the State of Tennessee, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, The Hanover Insurance Company and Massachusetts Bay Insurance Company pray that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Complaint be removed from the Circuit Court for the County of Hamilton, State of Tennessee, for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from the state court and thereupon proceed with the action as if it had been originally commenced in this Honorable Court.

Respectfully submitted,

DICKINSON WRIGHT PLLC


/s/ John E. Anderson, Sr.
John E. Anderson, Sr., #13698
424 Church Street, Suite 1401
Nashville, Tennessee 37219
Telephone: 615-244-6538
Facsimile: (615) 256-8386
janderson@dickinsonwright.com

**ATTORNEY FOR DEFENDANTS
MASSACHUSETTS BAY INSURANCE
COMPANY AND THE HANOVER
INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed on this 26th day of November, 2013 with the Clerk of Court by using the CM/ECF system, and a true copy has been sent, via U.S. Mail, postage prepaid to:

>Andrew J. Brown
>23 North Ocore Street
>P.O. Box 1001
>Cleveland, TN 37363-1001


/s/ John E. Anderson, Sr.
John E. Anderson, Sr.

NASHVILLE 38411-324 473472v1