# EXHIBIT A

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERESSA MCINTOSH, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) Docket No. 13C1419 <br> ) |
| THE HANOVER INSURANCE COMPANY, <br> MASSACHUSETTS BAY INSURANCE <br> COMPANY, AND ALDER AND COX, INC. <br> Defendants. | ) JURY DEMANDED <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Teressa McIntosh, by and through counsel, and for cause of action against the Defendants The Hanover Insurance Company, Massachusetts Bay Insurance Company, and Alder and Cox, Inc. hereby provides unto this Court the following:

1. Plaintiff Teressa McIntosh is a citizen of Hamilton County, Tennessee residing at 2814 Taylor Street, Chattanooga, Tennessee 37406. Ms. McIntosh is further unemployed due to a long term disability.

2. Defendant The Hanover Insurance Company (hereinafter "Hanover"), at all times relevant to this Complaint, and upon information and belief, is an insurance carrier licensed to operate and issue policies of insurance in the State of Tennessee and can be served through the Tennessee Department of Commerce and Insurance. Hanover's principal place of business is Worchester, Massachusetts.

3. Defendant Massachusetts Bay Insurance Company (hereinafter "MBIC"), at all times relevant to this Complaint, and upon information and belief, is an insurance carrier licensed to operate and issue policies of insurance in the State of Tennessee and can be served through the Tennessee Department of Commerce and Insurance. MBIC's principal place of business is Worchester, Massachusetts.

4. Defendant Alder and Cox, Inc. (hereinafter "A&C"), at all times relevant to this Complaint and upon information and belief, is a corporation whose principal place of business is believed to be 2110 Northpoint Boulevard, Hixson, Tennessee 37343. The registered agent for service of process on Alder and Cox is Johnny Cox who may be served at 2110 Northpoint Boulevard, Hixson, Tennessee 37343.

5. The contract of insurance that forms part of the basis of this cause of action was entered into in Hamilton County, Tennessee and the Plaintiff's loss occurred in said county. Therefore, jurisdiction and venue are proper in this Court.

1

6. On or about February 18, 2011, Plaintiff entered into a homeowners insurance policy with The Hanover Insurance Company and Massachusetts Bay Insurance Company whereby the companies agreed to insure Plaintiff's dwelling located at 2814 Taylor Street, Chattanooga, Tennessee 37406. The policy number for this contract of insurance is HVA-9049549 and was provided to Plaintiff through Hanover and MBIC's statutory agent A&C.

7. On or about May 23, 2011 Plaintiff reported damage to her property that she believed was covered by her policy of insurance; this report was made pursuant to the policy. This damage appeared to be localized to her kitchen area and was resulting in what seemed to be a "soft" floor.

8. On or about June 6, 2011 a claims adjuster with Hanover by the name of Justin Foster visited Plaintiff's residence for the purpose of surveying the damage. Mr. Foster advised Plaintiff that her claim would probably be an "open-ended" claim due to pending undiscovered damage.

9. On or about June 20, 2011, following numerous attempts by Plaintiff seeking information on the status of her claim, Mr. Foster finally phoned Plaintiff and advised her that claim had been denied. Plaintiff, at this same time, requested Mr. Foster to provide written verification of the claim denial.

10. A written denial as requested by Plaintiff was never provided by Mr. Foster.

11. Mr. Foster continued to ignore Plaintiff's request for written information. Plaintiff also contacted A&C about any form of written denial but she was only given a toll-free number to contact Hanover.

12. Finally, on October 13, 2011 a letter from Jason Heacock with Hanover was issued to Plaintiff wherein Hanover claimed the cause of damage to her home was termite related and that her claim had been denied on that basis. The letter went on to provide that an independent engineering firm would be inspecting the home and issuing a report on the findings. This letter also provided an apology for Hanover's responsiveness, or lack thereof, to Plaintiff's concerns as "spring storms" had interfered with claims responses.

13. On or about October 19, 2011 the independent engineering firm referenced in the October 13, 2011 letter made inspection of the Plaintiffs home. Said inspection report concluded as to termites that "[s]oil trials typical of termite activity was present in a few locations, but were minimal and were not widespread. No live insects or activity was observed at the time of the inspection." The report went on to provide that "[i]nsect damage is fairly minimal."

14. As to the damage issue in the kitchen area, Plaintiff's initial complaint, the independent engineering firm concluded "[t]he kitchen floor system is being affected by an interior water source, most likely a small leak in the dishwasher area and removal of at least the upper layer of the floor system is recommended to determine the source of the water and allow repairs."

2

15. On or about November 14, 2011 another letter from Jason Heacock of Hanover was issued to Plaintiff wherein new sources of damage, other than termites, were identified as causing Plaintiff's damage to her property. Specifically, the letter provided that the "soft floor conditions in the kitchen appear to be the result of an interior unidentified water source."

16. The letter went on, in conclusion, to provide that insect damage was not covered under Plaintiff's policy and construction and/or maintenance issues causing damage were not covered under the policy. However, loss due to hidden and unknown long term seepage was covered by the policy in the maximum amount of $5,000.00 and a check would be issued to Plaintiff for this full amount.

17. The letter lastly provided that "[c]overage for loss to the kitchen flooring due to exposure to water from an unknown source remains pending. In order to advise you further on this, we will need to identify the water source."

18. On May 19, 2012, Plaintiff, after having saved for some time to have her kitchen fixed, hired Cowboy's Construction to find a repair the water leak under her kitchen floor. It is alleged that Hanover, MBIC, and A&C were all well aware of Plaintiff's limited means and inability to come up with significant sums of cash to pay for repairs to her home.

19. Cowboy's Construction found a "pinhole leak" which was repaired. However, significant damage to Plaintiff's home, specifically to her floor joist, subfloor, approximately 15ft of the rear exterior wall, and insulation had occurred as a result of this "pinhole leak."

20. Thereafter, Plaintiff forward the information from Cowboy's Construction and also an estimate of the costs of repairs in the amount of $37,519.93 to Hanover as requested.

21. On November 5, 2012, Hanover issued a letter to Plaintiff wherein it affirmed the findings of the November 14, 2011 letter and concluded that any damage caused was the result of a pipe that had frozen in January 2011, a time outside the policy coverage period, and that the loss was not insured on that basis.

22. It is alleged that but for the claim that the damage was caused outside the coverage period the damage to Plaintiff's home as a result of the water was covered under her homeowner's policy; specifically, policy number HVA-9049549.

23. Plaintiff has full cooperated with Defendants in a timely manner with regard to this claim and complied with all policy provisions applicable thereto.

BREACH OF CONTRACT & NEGLIGENCE (HANOVER, MBIC, & A&C)

24. Plaintiff incorporates the allegations in Paragraphs 1-25 herein as set forth verbatim.

3

25. A&C is the statutory agent or representative of Hanover and MBIC under T.C.A. § 56-6-115 for the solicitation and application of the policy of insurance. A&C was negligent in monitoring Plaintiff's claim to insure timely responses and activity with regard to same.

26. Hanover and MBIC have failed to comply with the terms of coverage as provided for in Plaintiff's policy of insurance and are liable to pay the losses suffered by Plaintiff under the policy as agreed upon. This failure to pay by Hanover and MBIC constitutes a breach of contract on it and its agent A&C's part and the Plaintiff should be entitled to the entire loss incurred. Furthermore, Hanover and MBIC's negligence in handling the claim of Plaintiff has resulted in significant additional damage to her home and damages should be awarded to Plaintiff for said damage.

## CONSUMER PROTECTION ACT (HANOVER AND MBIC)

27. Plaintiff incorporates the allegations in Paragraphs 1-28 herein as set forth verbatim.

28. Hanover and MBIC's actions in denying coverage, permitting coverage, and then, ultimately, denying coverage, constitutes inaccurate and misleading representations which Plaintiff has relied upon to her detriment and the same was a violation of the Tennessee Consumer Protection Act as codified at T.C.A. § 47-8-101 et. seq.

29. Plaintiff is entitled to treble damages and attorney's fees for the actions that are unfair and deceptive and prohibited by the Consumer Protection Act.

WHEREFORE, Plaintiff respectfully requests this Court:

1. Issue proper process compelling the Defendants to respond as required by law;

2. Empanel a jury to try this matter;

3. Upon a jury trial enter judgment against the Defendants in the amount of the loss sustained by Plaintiff as a result of Defendants breach of contract, negligence, and violation of the consumer protection act in an amount not to exceed $150,000.00;

4. Further award Plaintiff treble damages pursuant to the Tennessee Consumer Protection Act, attorney fees, and costs;

5. Permit Plaintiff to amend this Complaint as may become appropriate through discovery and as consistent with the Tennessee Rules of Civil Procedure; and

6. Award Plaintiff any other general relief to which she may be entitled.

4

Respectfully submitted,
**Teressa McIntosh, Plaintiff**

By: _____
ANDREW J. BROWN, BPR #30088
Attorney for Teressa McIntosh
23 North Ocoee Street, P.O. Box 1001
Cleveland, TN 37364-1001
Phone: (423) 476-4515
Fax: (423) 476-2937

5

STATE OF TENNESSEE
CIRCUIT COURT OF HAMILTON COUNTY
CHATTANOOGA, TENNESSEE

| | |
|---|---|
| TERESSA MCINTOSH,<br>    Plaintiff,<br><br>v.<br><br>THE HANOVER INSURANCE COMPANY<br>MASSACHUSETTS BAY INSURANCE<br>COMPANY, AND ALDER AND COX, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Docket No. 13C1419 |

*To the above named defendant(s):*  **SERVICE OF PROCESS**
Alder and Cox, Inc.
c/o Johnny Cox
2110 Northpoint Blvd
Hixson, TN 37343

    You are hereby summoned and required to serve upon ANDREW J. BROWN, Plaintiff's attorney, whose address is 23 North Ocoee Street, P.O. Box 1001, Cleveland, TN 37364-1001 (423) 476-4515, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within thirty (30) days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
    Witness, *Clerk*, of said Court, issued this 1st day of November, 2013.

Paula Thompson, Clerk          G. Wheeler, D.C.
HAMILTON COUNTY CLERK OF COURTS      DEPUTY CLERK

**RETURN OF SERVICE**

I hereby certify and return, that on the ___1___ day of __November__, 2013, I served this summons together with a copy of the complaint herein as follows

_____

_____

**NOTICE**

TO THE DEFENDANT(S):
    Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from the execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek counsel of a lawyer.

# State of Tennessee,
County of Hamilton

I, Paula T. Thompson, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Paula T. Thompson, Circuit Court Clerk

By _____C. Wheeler_____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERESSA MCINTOSH,<br>Plaintiff, | )<br>) Docket No. 13C1419<br>) |
| v. | )<br>) |
| THE HANOVER INSURANCE COMPANY<br>MASSACHUSETTS BAY INSURANCE<br>COMPANY, AND ALDER AND COX, INC.,<br>Defendants. | )<br>)<br>)<br>) |

FILED IN OFFICE
2013 NOV -1 AM 9:08
PAULA T. THOMPSON, CLERK
BY

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all non-discretionary costs in this Court, which may at any time be adjudged against the plaintiff in the event the defendant shall not pay them.

Witness my hand this __31__ day of __October__, 2013.

_____
SURETY

__23 W. Ocoee Street__
ADDRESS

__Cleveland, TN 37311__
CITY, STATE, ZIP

__423-476-4515__
TELEPHONE

*(Surety on a bond for costs shall not be released from the obligation as surety until there is provision for a substitute surety.)*